**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARIA MAGDALENA GARCIA
HERNANDEZ,

        Petitioner,

v.

        Case No. 3:26-cv-708-TJC-LLL

RICK STALY, in his official capacity
as Warden of the Flagler County Jail,
et al.,

        Respondents.

---

## O R D E R

On April 1, 2026, Petitioner Maria Magdalena Garcia Hernandez, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) (which she later verified, (Doc. 4)). The Federal Respondents filed a Response. (Doc. 7; Response). Petitioner filed a counseled Reply. (Doc. 16; Reply). The case is now ripe for review.

### I. Background

Petitioner, a citizen of Mexico, entered the United States in 2003, crossing the border as a baby.[1] Petition at ¶¶ 14, 42. Since then, she has "resided in the United States." Petition at ¶ 42. Petitioner filed an application for

---

[1] Immigration and Customs Enforcement (ICE) has no record of her entry. Response at 2.

Consideration of Deferred Action for Childhood Arrivals (DACA) on February 3, 2021, which has been pending adjudication since 2022.  Response at 2. The government presents no evidence that Petitioner has any criminal history (other than driving without a license.)

On March 23, 2026, Petitioner was arrested by the Polk County Sheriff's Office for driving without a license. Id. Petitioner was then detained by ICE. Id. On March 25, 2026, ICE issued Petitioner a Notice to Appear and Notice of Custody Determination with an appearance scheduled for April 10, 2026.[2] Response, Ex. B.

It appears Petitioner requested a bond hearing on March 26, 2026 (Response, Ex. 3) but there is no information in the record regarding whether that hearing occurred.

## II. Analysis

Garcia Hernandez's Petition contains three counts, alleging: (1) Respondents have violated the Immigration and Nationality Act by detaining her under 8 U.S.C. § 1225(b); (2) Petitioner is being detained in violation of the bond regulations; and (3) Petitioner's continued detention violates her rights to due process. Petition at 14–16. As relief, Petitioner requests, inter alia,

---

[2] Respondents have not provided any update regarding those proceedings, which, if final, could affect their authority to detain Petitioner. The Court therefore must act on the record before it.

immediate release or an order directing Respondents provide her with an appropriate bond hearing. Id. at 17.

As the Federal Respondents acknowledge, the Court has recently addressed nearly identical issues in Orozco Torres v. U.S. Dep't of Homeland Sec., No. 3:26-cv-646-TJC-LLL, 2026 WL 947955 (M.D. Fla. April 8, 2026).[3] The Court incorporates the reasoning in Orozco Torres into this Order. A difference between the two cases is that Orozco Torres had a bond hearing at which the immigration judge determined he had no jurisdiction to consider bond, whereas Garcia Hernandez likely has not. But her efforts to secure a meaningful hearing would likewise be futile, given the Federal Respondents' position that she is being held under § 1225(b)(2)(A) and that, under that statute, "Immigration Judges lack authority to hear bond requests or to grant bond to aliens, like [ ] Garcia Hernandez." Response at 3.

Accordingly, the Court rejects the Federal Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that she failed to exhaust her administrative remedies prior to filing this case. Regarding the merits of her claim, the Court finds, in line with Orozco Torres, that Petitioner is not properly detained under § 1225(b)(2). Thus, her Petition is due to be granted. See 2026

---

[3] At Respondents' request (Response at 6, n.5), the Court waives the requirements of Local Rule 3.01(h).

WL 947955 at *6.

### III. Remedy

The Court considered requiring an individualized hearing on Petitioner's detention. But given the Federal Respondents' position that immigration judges have no jurisdiction to conduct such a hearing, and their failure to argue in the alternative that Petitioner is subject to detention under 8 U.S.C. § 1226 (which would require a meaningful bond hearing), the Court finds ordering an individualized hearing would not afford relief and would be futile. See, e.g., Rivero v. Mina, No. 6:26-cv-66-RBD-NWH, --- F.Supp.3d --- , 2025 WL 199319, *4 (M.D. Fla. Jan. 26, 2026) (explaining that when the government "asserted no lawful basis" for petitioner's detention, allowing his continued detention while waiting for a hearing "would gut the purpose of habeas review") (citations omitted). Thus, without any lawful basis for her detention at this time, and unable to access a meaningful bond hearing, the Court can only find that Petitioner is entitled to immediate release.[4]

Since the Court will grant the Petition because Petitioner is not properly detained under § 1225(b)(2), it does not, and need not, address her other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining

---

[4] The Federal Respondents have not contended that Petitioner's release creates a danger to the community.

to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[5]

Accordingly, it is hereby

**ORDERED**:

1.    Maria Magdalena Garcia Hernandez's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One; the Petition is otherwise **denied without prejudice** as moot. Respondents shall release Garcia Hernandez **within 48 hours of the entry of this Order**. Respondents shall facilitate Petitioner's transportation from the detention facility by notifying her counsel when and where she can be collected.

2.    No later than **April 24, 2026**, Respondents shall **FILE** a notice with the Court confirming that Maria Magdalena Garcia Hernandez has been released from custody.

3.    The Clerk shall **enter judgment** granting the Petition as to Count One and **close** the file.

4.    The Court **retains jurisdiction** to effectuate this Order.

---

[5] For example, the Court declines to address Petitioner's due process arguments.

5

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record

6